UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

OFFICEMAX INCORPORATED, )
 )
    Plaintiff, )
 )
v. ) Civil No. 9-631-P-W
 )
DENIS SOUSA, et al., )
 )
    Defendants )

ORDER ON MOTION TO AMEND
(DOC. NO. 44)

OfficeMax sued three former employees claiming breach of noncompetition and nondisclosure agreements. Two of the defendants have filed a motion to amend their answer and assert a counterclaim.[1] (Doc. No. 44.) Dennis Sousa and George Johnson seek to bring two two-count counterclaims for declaratory judgment and for abuse of process. OfficeMax objects to the proposed amendments, alleging futility and bad faith on the part of Sousa and Johnson. I now grant the motion to amend.

**Motion to Amend Standard**

Pursuant to Fed. R. Civ. P. 15(a), leave to amend a complaint should be freely given. Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given'"). However, there are certain instances when amendment need not be allowed, such as a situation where the amendment would be futile. Correa-Martinez

---

[1] The third defendant, John Steele, asserted a counterclaim when he filed his original answer. (See Doc. No. 28.) The issues raised in his counterclaim are not identical to the controversy raised by the current motion to amend.

<u>v. Arrillaga-Belendez</u>, 903 F.2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters").

**Discussion**

OfficeMax objects to the motion to amend on two grounds. First, it maintains that both counts of the proposed counterclaims are futile because they fail to state a claim and would necessarily be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Second, OfficeMax claims that Sousa and Johnson are acting in bad faith. The "bad faith" argument apparently springs from the fact that Sousa and Johnson did not move to amend their answer to add a counterclaim until they had been paid all, or almost all, of the money due to them under the severance agreements following their terminations. Given the context of this litigation initiated by OfficeMax, the affirmative defenses asserted in the original answers, and the fact that OfficeMax withdrew its motion for preliminary injunction after obtaining some limited discovery and exploring settlement options for more than one month, I do not find that the timing of the motion to amend necessarily supports any inference of bad faith on the part of either Sousa or Johnson. I turn then to the question of whether the amendments are "futile."

*Count I—The Declaratory Judgment Act*

The claim asserted in the proposed counterclaim in this count seeks, as to each former employee, a declaratory judgment that the noncompetition agreement previously signed is void and unenforceable and that the restrictive covenants contained within the agreement are unreasonable and void as against public policy. OfficeMax maintains that because both Johnson and Sousa signed waiver of claims and general releases as of the date they entered into the severance agreements following their terminations, waiving and releasing all claims as of that date, they cannot now pursue a declaratory judgment action regarding the earlier 1999 and 2001

noncompetition agreements. OfficeMax notes that the severance agreement, while containing its own provision regarding solicitation of OfficeMax's customers, also contains a provision that any prior agreements regarding noncompetition and/or solicitation of customers is not restricted or limited by the severance agreement. (Pl.'s Ex. B ¶ 4; Pl.'s Ex. D ¶ 4.)

Sousa and Johnson take issue with OfficeMax's assertion that their right to pursue declaratory relief "had fully accrued as of the date they signed their General Releases." (Reply Mem. at 2, citing Def.'s Opp'n Mem. at 8.) According to the counterclaim plaintiffs, in order for there to be jurisdiction under the Declaratory Judgment Act, and for the cause of action thereunder to have accrued, there must be an "actual controversy" between the parties. Id. (citing Medimmune, Inc. v. Genentech, 549 U.S. 118, 127 (2007) ("Our decisions have required that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.") (internal quotation marks omitted)).

Given the facts alleged in this case and the circumstances allegedly surrounding the execution of the severance agreements, I conclude that Johnson and Sousa have the better argument as to this count. There was no live controversy until OfficeMax asserted breach of the 1999 and 2001 severance agreements. Without considering the merits of their positions at this juncture, both Sousa and Johnson claim they believed the severance agreement provisions rather than the 1999 and 2001 agreements governed the noncompetition and solicitation aspects of the relationship. In the absence of an actual controversy with OfficeMax, they would have had no basis to bring a claim for a declaratory judgment regarding these older agreements. I view this

claim as arising when Defendants/Counterclaim Plaintiffs were sued by OfficeMax and conclude that their count for declaratory relief is properly before the court.

*Count II—Abuse of Process*

With the second counterclaim counts, Sousa and Johnson allege abuse of process. These claims, arising after the commencement of this litigation, obviously are not within the scope of the release or waiver discussed in the context of the declaratory judgment count. Under Maine law, "[t]he two basic elements of abuse of process are a bad motive, and the use of a legal process for an improper, collateral objective." Simon v. Navon, 71 F.3d 9, 15 (1st Cir. 1995) (citing Nadeau v. State, 395 A.2d 107, 116 (Me. 1978)). The proposed counterclaim alleges both of these elements in the context of the subpoena duces tecum served upon the new employer. Sousa and Johnson claim that the subpoena was served in order to harass their new employer with unreasonable discovery demands in order to cause the employer to fire them. The fact that a letter sent to the new employer with a copy of the complaint would not necessarily be actionable as abuse of process does not make the count futile. The factual background provides the "facial plausibility" that would allow this count to withstand a Rule 12(b)(6) motion to dismiss under Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

**Conclusion**

Based on the foregoing, I grant the motion to amend and give Sousa and Johnson leave to file their proposed amended answer and counterclaim.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

July 7, 2010                    /s/ Margaret J. Kravchuk
                                U.S. Magistrate Judge