UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| OFFICEMAX INCORPORATED, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 9-631-P-W ) |
| DENIS SOUSA, et al., | ) ) |
| Defendants | ) |

**ORDER RE: W.B. MASON CLAIM OF PRIVILEGE**

OfficeMax is suing three former employees, alleging they have breached their noncompetition agreements following termination of their employment with OfficeMax. All three former employees have obtained employment with W.B. Mason, one of OfficeMax's competitors. The defendants, Sousa, Johnson, and Steele, have alleged by way of counterclaims that OfficeMax engaged in abuse of process when it served W.B. Mason with a subpoena duces tecum demanding the production of thousands of records. Ultimately, near the very end of the discovery period, OfficeMax deposed W.B. Mason and provided in its notice of deposition, Topics 15-17, Schedule A, that the Rule 30(b)(6) designee should be prepared to testify fully regarding "any payment(s) on behalf of or reimbursement to [Denis Sousa] [George Johnson] [John Steele] for attorneys' fees and costs in relation to this lawsuit." W.B. Mason made a timely objection and asserted attorney-client privilege regarding the subject matter. I granted both sides leave to file written submissions on the issue, which they have now done. (Doc. Nos. 115, 130 & 139.) I instructed the parties that they should address both the issue of the privilege and the issue of the potential relevance of this evidence in support of any claim or defense.

**The Claim of Attorney/Client Privilege**

As the proponent of the attorney-client privilege, W.B. Mason has the burden to prove that the privilege exists. United States v. Bisanti, 414 F.3d 168, 170 (1st Cir. 2005). This circuit follows a multi-part test for determining whether a communication by a client to his or her lawyer is privileged. The factors break down as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

Cavallaro v. United States, 284 F.3d 236, 245 (1st Cir. 2002) (quoting 8 J.H. Wigmore, Evidence § 2292, at 554 (McNaughton rev. 1961)). The privilege exists to encourage full disclosure from the client to the lawyer "to facilitate the client's compliance with the law and better enable the client to present legitimate arguments should litigation arise." Id. The privilege is construed narrowly, however, to minimize its interference with investigation of the truth, and is therefore recognized "only to the extent necessary to achieve its underlying goal of ensuring effective representation through open communication between lawyer and client." In re Grand Jury Subpoena, 274 F.3d 563, 571 (1st Cir. 2001). In this vein, the privilege is understood to only protect communications between attorney and client. It is not designed to shield facts from disclosure and does not entitle a party to withhold information on the ground that it was communicated to an attorney. Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981).

In support of its opposition to this claim of privilege, OfficeMax cites In re Crescent Beach Inn, 37 B.R. 894, 896 (Bankr. D. Me 1984) (ordering the production of documents relating to fees paid for legal representation of the debtor by a third party), and In re Grand Jury Subpoena (Zerendow), 925 F. Supp. 849, 855-856 (D. Mass. 1995) (granting motion to compel

attorney to testify before grand jury concerning fee arrangements). In the Crescent Beach Inn case, the Bankruptcy Court rejected an assertion of the privilege with regard to a notice of deposition upon debtor's counsel requiring production of counsel's time records and other records related to representation. 37 B.R. at 895. The Court rejected a request for a protective order that would shield the entire contents of the clients' file, though it noted that the privilege might well be asserted as to some individual records. Id. at 896. As for payment of fees, the Court held "that records revealing fees paid for legal work and the general nature of legal work performed are not within the attorney-client privilege" because they are not confidential communications. Id. W.B. Mason distinguishes the case by observing that the bankruptcy court's order was issued in connection with debtor's counsel's application for fees, where a creditor complained that time spent working for individuals associated with the business enterprise debtor should not be compensated. (Doc. No. 139 at 6-7).

In the Grand Jury Subpoena (Zerendow) case, the District Court considered whether an attorney could be made to testify before a grand jury about the source of payment for legal fees. The Court collected various authorities for the proposition that the identity of an attorney's client and the source of payment for legal fees do not normally fall within the privilege. According to the Court: "Absent special circumstances, the courts have not extended the attorney-client privilege to protect a client from disclosure by her attorney of how he has been paid fees on the client's behalf, for example where a third party benefactor has paid the attorney." 925 F. Supp. at 856. W.B. Mason would distinguish the facts of this case based on the fact that an attorney was being questioned in the Zerendow case, whereas here "Plaintiff has not sought any such information from Defendants' counsel." (W.B. Mason Co., Inc.'s Brief at 4-5, Doc. No. 139.)

3

Although W.B. Mason attempts to distinguish the two cases cited by OfficeMax, W.B. Mason, the proponent of the privilege, does not cite a single case in support of the proposition that this information is privileged. Nor does W.B. Mason's brief articulate or explain the application of any exception to the general rule that third-party payment of fees is not privileged information. Among the cases cited in the Zerendow case is United States v. Strahl, a First Circuit opinion in which it is recognized that the identity of the client and payment of fees generally are not within the privilege, but for an exception in cases where "the identification of a client may amount to the prejudicial disclosure of a confidential communication, as where the substance of a disclosure has already been revealed but not its source." 590 F.2d 10, 11 (1st Cir. 1978) (quoting Colton v. United States, 306 F.2d 633, 637 (2d Cir. 1962)). A more recent opinion by the Second Circuit reflects that the general rule holds even where the party seeking to withhold the information is the suspected third party payor, as is the case here. Vingelli v. United States, 992 F.2d 449, 454 (2d Cir. 1993). As in Vignelli, the privilege does not apply here because a disclosure that W.B. Mason is paying defendants' counsel's fees would not reveal information about the defendants' or W.B. Mason's confidential communications concerning legal representation. A disclosure under these facts would do nothing to inhibit full and frank discussion between or among the defendants and their counsel. Applying the general principles of the attorney-client privilege to the present factual scenario, the fact that W.B. Mason either did or did not provide the defendants with assistance in paying their legal representative is not privileged.

**Relevance**

OfficeMax argues that it is "highly relevant" whether W.B. Mason is paying or helping to pay attorney's fees billed to the defendants because, among other things, each defendant has asserted a counterclaim for abuse of process in which it is alleged that OfficeMax used a subpoena to intimidate W.B. Mason so that it would fire him. (Pl.'s Mem. at 2, Doc. No. 130.) I agree that evidence W.B. Mason is paying the defendants' attorney's fees is relevant for discovery purposes in that it may lead to evidence that the court could rule is ultimately admissible, because if W.B. Mason paid or is paying for defendants' fees, it arguably diminishes or tends to refute the allegation that OfficeMax's conduct in issuing the subpoena was intended to be harmful to the defendants' employment relationships with W.B. Mason and designed purely to harass W.B. Mason. Because the information in question is not privileged and is designed to lead to evidence relevant to a claim or a defense in the case, it is discoverable under the Rules. Fed. R. Civ. P. 26(b)(1). However, Topics 15-17, as set forth in the deposition notice, are unduly broad and if W.B. Mason has received actual billing records or other information from Mr. Rider in conjunction with the payment of fees, if there has been any payment of fees, those documents may well fall within attorney work product given the ongoing nature of this litigation. W.B. Mason has not submitted a privilege log or a transcript of the deposition with its pleadings and I do not know the extent of OfficeMax's request in terms of the deposition questions actually asked. Other than a question directed to the Rule 30(b)(6) deponent regarding the issue of payment of each defendant's fees and perhaps the date on which that payment commenced, I do not foresee lengthy questioning on this issue. If the parties cannot resolve issues related to the scope and form by which the pending question is answered, they will have to contact me for a further discovery conference.

## Conclusion

For the reasons set forth above, W.B. Mason's request for protection based on the attorney-client privilege and an alleged lack of relevance is denied.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

September 29, 2010 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge