UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| OFFICEMAX INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09-cv-00631-JAW |
| | ) | |
| DENIS SOUSA, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION
TO MODIFY CONFIDENTIALITY ORDER (DOC. NO. 215)**

The plaintiff, OfficeMax, Inc., has requested leave to use discovery materials obtained in this litigation pursuant to a consent confidentiality order in its forthcoming lawsuit against W.B. Mason, Co., Inc. Specifically, the plaintiff wants to use excerpts from the depositions and selected exhibits obtained from Denis Sousa, George Johnson, and W.B. Mason's corporate designee that have been designated as confidential and/or "for attorneys eyes only" pursuant to the confidentiality order and addendum thereto entered in this case. (See Doc. Nos. 36 & 111.) The defendants object, primarily because plaintiff has not shown "good cause" for the motion. (Doc. No. 230.) Plaintiff responds by asserting that defendants do not have "standing" to object to the court's modification of the confidentiality order previously entered in this case. (Doc. No. 236.) Neither party has cited any legal authority in support of its position. The consent confidentiality order provides as follows:

> Documents designated CONFIDENTIAL - PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof, including without limitation any other litigation, arbitration or any business or competitive purpose or function.

(Consent Confidentiality Order, Doc. No. 36 at 4, ¶ 6(a).)

I have encountered a request somewhat similar to this one, requesting modification of a protective order, on one prior occasion, although in that case it was collateral litigants who were seeking the modification in order to obtain access to discovery.  See Report and Recommended Dec. re. Mot. to Modify Prot. Order, In re New Motor Vehicles Canadian Exp. Antitrust Litig., MDL Docket No. 03-md-1532, (D. Me. Mar. 26, 2009) (Doc. No. 1001).  As I indicated in that case, there are divergent lines of thinking on this issue.  One view is the view expressed by the Second Circuit that it is presumptively unfair to modify a protective order once parties have relied on it.  AT&T Corporation v. Sprint Corp., 407 F.3d 560, 562 (2d Cir. 2005).  The Second Circuit has held previously that modification of a protective order requires a showing of "extraordinary circumstance or compelling need" if the result of modification would be to allow third-party access, not the case with this request.  Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 296 (2d Cir. 1979).  On the other hand, there is the view that *bona fide* collateral litigants should gain access to discovery because the reliance interest of objecting parties "can be preserved by subjecting the intervenor to the provisions of a protective order" in cases where protection is required.  In re Linerboard Antitrust Litig., 333 F. Supp. 2d 333, 340 (E.D. Pa. 2004) (involving Canadian intervenors);  see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131-32 (9th Cir. 2003) ("Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted.").

The First Circuit has rejected the extraordinary circumstances standard set out in Martindell, observing that application of this standard would only arguably be appropriate where

2

the government is the third party seeking modification.  Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 791 (1st Cir. 1988).  Based on Public Citizen, it is highly unlikely that the First Circuit would find it an abuse of discretion to modify a protective order to permit use of confidential information from this litigation in subsequent litigation involving the same plaintiff, particularly if the litigants in that subsequent litigation were to be made subject to the provisions of a substantially similar protective order.  Of course, the "collateral litigant," W.B. Mason Co., Inc., is not the party seeking to modify this confidentiality order.  It is OfficeMax that seeks leave to "use" this material[1] in its collateral litigation (presumably without allowing the collateral litigant any reciprocal right to the "use" of confidential discovery).  Nor is this modification sought to save the parties the expense and time of redoing voluminous discovery already provided.  The only reason given for this proposed modification is that the information will be relevant to the new case.  I have no doubt that it would be highly relevant to the dispute between OfficeMax and W.B. Mason, given everything I have learned during the discovery process in this case.

Applying these legal theories regarding modification of consent protective orders to the facts of this case, I am left scratching my head.  It appears the defendants have identified the proper standard I am to apply and that is that OfficeMax must show "good cause" in order to modify the confidentiality order.  OfficeMax's ipse dixit that these defendants have no "standing" to challenge its motion perplexes me.  Who else would have standing to challenge a modification of the Order at this juncture?  W.B. Mason is not a party to this lawsuit and to the best of my knowledge has never been made a party to the consent confidentiality order.  I understand that during the course of third-party discovery W.B. Mason produced exhibits and

---

[1]  In a cryptic footnote, OfficeMax indicates it does not request a prospective ruling on the admissibility of such deposition testimony and exhibits, it is just requesting the "ability to use it and the information contained therein against W.B. Mason in the new lawsuit."  (Doc. No. 215 at 5 & n.2.)

3

deposition testimony that may have been encompassed within the protective order and W.B. Mason may have relied upon the terms of the confidentiality order when making that production. However, W.B. Mason itself is not a party to the confidentiality order and without being granted intervenor status in this lawsuit, it would certainly have no standing to object to any order I entered at this time. Nor would W.B. Mason be entitled to obtain access to any discovery that had been designated as confidential under the confidentiality order, even if I modified the order as requested by OfficeMax.

I am not satisfied that given the present posture of this case OfficeMax has shown good cause to modify the consent confidentiality order. OfficeMax announced its intent to assert claims against W.B. Mason during a telephone conference with the court on August 23, 2010. Given the then looming discovery deadline in this case, I expressed some skepticism about my willingness to grant a motion to amend adding new parties and beginning a "new" case that late in the process. The exhibits that OfficeMax has now filed with this court in support of its motion to "use" certain materials include supplemental responses to interrogatories dated September 28, 2010, and the confidential Exhibit A attached thereto. W.B. Mason's deposition (Doc. No. 203) took place on September 9, 2010, also post-dating OfficeMax's announcement that it intended to file suit. Thus, whatever good cause OfficeMax thinks supports this motion to modify, it apparently is not that it only learned of the basis for its potential lawsuit during the tail end of the discovery process in this case and needs to "use" these materials in order to formulate its complaint under Rule 11 of the Federal Rules of Civil Procedure. Since OfficeMax has not shown good cause as to why it needs to use these materials at this juncture, I see no reason to modify the confidentiality order at this time. In the absence of the "use" of the materials to

formulate a complaint, I cannot think of any "good cause" reason to modify the confidentiality order prior to suit actually being filed by OfficeMax against W.B. Mason.

If, and when, W.B. Mason has been named as a defendant in a lawsuit brought by OfficeMax and discovery has commenced, both parties in that case might be willing to seek modification of the protective order in this case in order to allow each side access to confidential materials that have already been discovered. The current defendants in this lawsuit might not object to that modification. It seems to me that at that point in time good cause would be shown for the modification in order to save the parties in the new lawsuit unnecessary time and expense duplicating discovery that has already been provided. As OfficeMax asserts, it is clear that the claims overlap to some extent and that this discovery has potential relevance to that case. However, even if W.B. Mason and/or the current defendants still objected to the modification, all three parties could be heard before the court modified the confidentiality order to allow material to be used for other than the originally agreed purpose.

Based upon the foregoing, entry will be:

Motion For Leave to Use Certain Materials Designated as Confidential/Protective Order and/or Attorneys Eyes Only in Third Party Lawsuit (Doc. No. 215) is dismissed without prejudice. OfficeMax may refile this motion <u>after</u> W.B. Mason has been sued, with notice to W.B. Mason and an opportunity to intervene in this action for the limited purpose of addressing issues surrounding modification of the protective order.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

January 14, 2010              /s/ Margaret J. Kravchuk
                              U.S. Magistrate Judge